# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI A. HARRISON-EL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-5978 |
| | : | |
| OFFCR. GAFFNEY, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**JONES, J.**                                                                                                                                        **APRIL 30, 2021**

      Plaintiff Ali A. Harrison-El, a prisoner currently incarcerated at the Bucks County Correctional Facility, brings this civil action pursuant to 42 U.S.C. § 1983, against five officers of the Bristol Township Police Department in their individual and official capacities — Officer Gaffney, Officer Mac Doggle Reiff, Officer Snyder, and two John Doe Officers identified in the caption as "Etc./All." Harrison-El seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*, dismiss certain of his claims without prejudice, and permit his excessive force and related tort claims to proceed against the Defendants in their individual capacities.

     **I.**       **FACTUAL ALLEGATIONS**

      Harrison-El's claims stem from an interaction he had with police on June 14, 2020 between 6:00 and 6:30 p.m. (ECF No. 1 at 6.)[1] He alleges that he was run off the road by a police car while riding a bicycle, handcuffed, shackled, and beaten while face down. (*Id.* at 5.) He alleges that Officer Gaffney "choked [him] with chain/lock" and struck him on the left side of his head, splitting his eye open. (*Id.* at 6.) Harrison-El was then handcuffed and shackled, and

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

carried to the car by other officers. (*Id.*) He alleges that all five officers, presumably the five officers named as Defendants, held him down and beat him while asking him where his son was. (*Id.*) Harrison-El sustained a fractured orbital lobe and rib, a cyst on the side of his head, damaged cartilage, and bruises, suffered a seizure, and is still in treatment for neck and back injuries. (*Id.*)

Based on those allegations, Harrison-El brings claims pursuant to § 1983, and possibly related tort claims. He describes his claims as: "falsel incim. another, Fict. Reports. Poss. I.O.C./w assault/w a deadly weapon/CBI intent excessive use of force, agg. Assault, simple asslt." (*Id.* at 4.) Harrison-El seeks $2.8 million in damages for the physical and mental injuries he sustained, defamation,[2] lost wages, and false imprisonment. (*Id.* at 6.)

The incident described in the Complaint corresponds with a criminal proceeding in the Bucks County Court of Common Pleas in which Harrison-El is a defendant. The docket for that proceeding reflects that Harrison-El was arrested on June 13, 2020 and charged the next day with several misdemeanor and summary criminal offenses. *Commonwealth v. Harrison-El*, CP-09-CR-3842-2020 (C.P. Bucks). On April 16, 2021, Harrison-El pled guilty to one count of terroristic threats with the intent to terrorize another, one weapons offense, one count of institutional vandalism of an educational facility, and two drug offenses. *Id.* He was sentenced to a term of imprisonment and given credit for time served since June 14, 2020. *Id.*

II.     **STANDARD OF REVIEW**

The Court will grant Harrison-El leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[3] Accordingly, 28 U.S.C.

---

[2] None of the facts in the Complaint support a defamation claim or relate in any way to defamation.

[3] Harrison-El has set forth steps he took to secure his prisoner account statement. (ECF No. 6.) Although he has not been able to obtain a certified copy of his prisoner account statement for the

2

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also take judicial notice of matters of public record, including the docket for Harrison-El's criminal case. *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006). As Harrison-El is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). When presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999). Here, the Court understands Harrison-El to be raising Fourth Amendment claims for false arrest, false imprisonment, and excessive force. *See Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly

---

six-month period prior to filing this civil action, this Court finds that Harrison-El has substantially complied with the directives of 28 U.S.C. § 1915(a)(2) and will permit him to proceed *in forma pauperis* in this matter. However, as Harrison-El is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[] . . . .").

### A. Official Capacity Claims

Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Accordingly, Harrison-El's official capacity claims against the Defendants are essentially claims against Bristol Township.

To plead a basis for municipal liability under § 1983 so as to state a claim against an entity like Bristol Township, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the Defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future

violations, and . . . [this] failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted).

Nothing in Harrison-El's Complaint suggests that the alleged constitutional violations at issue were caused by a policy or custom of Bristol Township. Accordingly, Harrison-El has not stated a claim against the Defendants in their official capacities. The Court will dismiss those claims and address the merits of Harrison-El's claims against the Defendants in their individual capacities below.

### B.     False Arrest and False Imprisonment

Liberally construing the Complaint, it is possible that Harrison-El may be attempting to bring claims for false arrest and false imprisonment. To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). "A claim for false arrest[] . . . covers damages only for the time of detention until the issuance of process or arraignment, and not more." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998); *see also Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges.").

5

To the extent Harrison-El intended to bring false arrest or false imprisonment claims, these claims fail because he has not alleged any facts showing that he was arrested and/or detained without probable cause. The Complaint is silent about the offenses for which Harrison-El was arrested and why it was unreasonable for the officers to believe he had committed those offenses. Absent such factual allegations, Harrsion-El cannot state a false arrest or false imprisonment claim. *See, e.g.*, *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

C. **Excessive Force and Related Tort Claims**

The thrust of Harrison-El's Complaint is that the Defendants used excessive force against him. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham*, 490 U.S. at 395; *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

Harrison-El alleges that Officer Gaffney "choked [him] with chain/lock" and struck him on the left side of his head, splitting his eye open. He also alleges that all five officers,

apparently the five officers named as Defendants,[4] held him down and beat him while he was handcuffed and shackled. Based on these allegations, Harrison-El may proceed on his excessive force claims against the Defendants in their individual capacities at this time. As it appears that Harrison-El intends to pursue related assault claims under Pennsylvania law, he may also proceed on those claims at this time.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis* and dismiss his official-capacity claims and his false arrest and false imprisonment claims. The Court is prepared to direct service of the Complaint on the Defendants so that Harrison-El can proceed on his excessive force and related tort claims, which the Court has not dismissed. However, the Court will first give Harrison-El an opportunity to file an amended complaint in the event he seeks to amend his dismissed claims. If he chooses not to file an amended complaint, the Court will direct service so that Harrison-El can proceed on his remaining claims. An Order follows, which provides further information about options for proceeding in this case.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
**C. Darnell Jones, II  J.**

---

[4] Although Harrison-El does not directly state that the five officers named as Defendants are the same officers who held him down and beat him, this is a fair inference from the *pro se* Complaint.