IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI A. HARRISON-EL,<br>    Plaintiff,<br><br>v.<br><br>OFFCR. GAFFNEY, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:    CIVIL ACTION NO. 20-CV-5978<br>:<br>:<br>: |

## ORDER

AND NOW, this 30th day of April, 2021, upon consideration of Plaintiff Ali A. Harrison-El's "Affidavit to Attestment" (ECF No. 6) and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Ali A. Harrison-El, #042758, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Bucks County Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Harrison-El's inmate account; or (b) the average monthly balance in Harrison-El's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Harrison-El's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Harrison-El's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Bucks County Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

    a. All claims against the Defendants in their official capacities; and

    b. Harrison-El's false arrest and false imprisonment claims against the Defendants in their individual capacities.

6. The Clerk of Court is directed to **SEND** Harrison-El a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

7. Harrison-El is given thirty (30) days to file an amended complaint in the event he would like to amend his dismissed claims. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Harrison-El's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 20-5978. If Harrison-El files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Harrison-El's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **Claims or defendants that are not included in the amended complaint will not be considered part of this case because the amended complaint becomes**

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

**the pleading upon which the case will proceed.** This means that, if Harrison-El wants to file an amended complaint and to proceed on claims that have not yet been dismissed, he must reassert in his amended complaint the claims that have not been dismissed. When drafting his amended complaint, Harrison-El should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Harrison-El does not file an amended complaint the Court will direct service of his initial Complaint so that Harrison-El can proceed only on his excessive force and related tort claims against the Defendants in their individual capacities. Harrison-El may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Harrison-El is reminded to include the case number for this case, 20-5978.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

*/s/* **C. Darnell Jones, II**
**C. Darnell Jones, II   J.**