IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI A. HARRISON-EL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-5978 |
| | : | |
| OFFCR. GAFFNEY, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHILLER, J.**                                                                 **NOVEMBER 9, 2022**

Currently before the Court is a Third Amended Complaint ("TAC") filed *pro se* by Plaintiff Ali A. Harrison-El, a convicted prisoner incarcerated at the Bucks County Correctional Facility. The TAC, raising claims pursuant to 42 U.S.C. § 1983, alleges violations of Harrison-El's constitutional rights. (ECF No. 17.) For the following reasons, the Court will permit Harrison-El to proceed on his excessive force and related state law claims against Defendants Gaffney, Snyder, McDoggle Reiff[1], and six John Doe officers. His malicious prosecution, fabrication of evidence, conspiracy to aid and abet, and his official capacity claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Harrison-El will not be granted further leave to amend. The claims that survived statutory screening will be served for a responsive pleading at this time.

---

[1] Harrison-El has spelled the name McDoggle Reiff inconsistently. The Court adopts the spelling used in the TAC.

1

I.       **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[2]

Harrison-El's original Complaint asserted claims against Bristol Township Police Officers Gaffney, McDoggle Reiff, Snyder, and two John Doe officers in their individual and official capacities. Upon initial screening, the Court granted Harrison-El leave to proceed *in forma pauperis* and permitted him to proceed on his excessive force and related state law claims against the named Defendants in their individual capacities. *Harrison-El v. Gaffney*, No. 20-5978, 2021 WL 1721593, at *1 (E.D. Pa. Apr. 21, 2021). Harrison-El's official capacity claims and his false arrent and false imprisonment claims were dismissed without prejudice. *Id.* at *2-3. Harrison-El was given the option of proceeding with his excessive force claims or filing an amended complaint. *Id.* at *3. Harrison-El filed an "Amended Memorandum," which did not comply with the Court's instructions regarding filing an amended complaint, in that it included new claims, but did not include the excessive force claims that survived statutory screening. (ECF No. 10.) Because the Court could not determine whether Harrison-El intended to abandon the excessive force claims from the original Complaint or had mistakenly failed to include them in the amended pleading, the Court struck the Amended Memorandum and granted Harrison-El leave to file a second amended complaint in accordance with the Court's instructions. (ECF No. 13.) Harrison-El filed a second amended complaint (ECF No. 14), but before the Court could screen it, he filed the TAC, which is now the operative pleading,[3] and is ripe for screening.

Harrison-El re-asserts official and individual capacity claims against Defendants Gaffney, Snyder, McDoggle Reiff, and six John Doe officers. (TAC at 3, 4.) His claims arise from events

---

[2] The allegations in this Memorandum are taken from the TAC (ECF No. 17). The Court adopts the pagination assigned by the CM/ECF docketing system.

[3] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of*

that are alleged to have occurred on June 14, 2020 between 6:00 and 6:30 pm. (*Id.* at 5.) He alleges that, while riding a bicycle, he was run off the road by a police car. Officer Gaffney allegedly handcuffed and shackled Harrison-El, choked him with a chain, beat him while he lay face down, and struck Harrison-El on the left side of his head. (*Id.*) Harrison-El alleges that he was then carried to the police car by the other officers and held down and beaten by officers while they asked about the whereabouts of Harrison-El's son.[4] (*Id.*)

Harrison-El alleges that he suffered numerous injuries to his head and that as a result of the head trauma he now suffers seizures. (*Id.* at 6.) He also alleges that he suffered neck and back injuries. (*Id.*) He asserts claims for excessive force, aggravated assault, and simple assault against Defendants Gaffney, Snyder, McDoggle Reiff, and six John Doe officers. Harrison-El also adds claims for conspiracy to aid and abet, malicious prosecution, and fabrication of evidence against Officers Graves and McQuewer and three John Doe officers. (*Id.* at 2.) He asserts both official and individual capacity claims against these officers. (*Id.*) Harrison-El

---

*Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings.").

[4] The incident described in the TAC corresponds with a criminal proceeding in the Bucks County Court of Common Pleas in which Harrison-El is a defendant. The docket for that proceeding reflects that Harrison-El was arrested on June 13, 2020 and charged the next day with several misdemeanor and summary criminal offenses. *Commonwealth v. Harrison-El*, CP-09-CR-3842-2020 (C.P. Bucks). On April 16, 2021, Harrison-El pled guilty to one count of terroristic threats with the intent to terrorize another, one weapons offense, one count of institutional vandalism of an educational facility, and two drug offenses. *Id.* He was sentenced to a term of imprisonment and given credit for time served since June 14, 2020. *Id.*

3

requests an award of compensatory and punitive damages. (*Id.* at 7.) He also requests that the named Defendants be charged criminally.[5]

## II. STANDARD OF REVIEW

The Court previously granted Harrison-El leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the TAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Harrison-El is proceeding *pro*

---

[5] This request must be denied. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

*se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

   **A.   Official Capacity Claims**

The Court previously dismissed Harrison-El's official capacity claims on the ground that they were not plausible. *Harrison-El*, 2021 WL 1721593, at *2-3. The Court granted Harrison-El leave to amend these claims and provided guidance with respect to the deficiencies in the original Complaint. Id. (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights); *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'").

In his TAC, Harrison-El again asserts official capacity claims against all of the named Defendants. However, as with his original Complaint, nothing in the TAC suggests that the

alleged constitutional violations at issue were caused by a policy or custom of Bristol Township. Accordingly, Harrison-El has not cured the deficiencies previously identified by the Court and these claims will be dismissed with prejudice as not plausible. As Harrison-El has already been given an opportunity to cure the defects in his claims and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). The Court will address the merits of Harrison-El's claims against the Defendants in their individual capacities below.

### B. Excessive Force and Related Tort Claims

As with his original Complaint, the gravamen of Harrison-El's TAC is that certain Defendants used excessive force against him. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 396)).

Harrison-El alleges that Officer Gaffney handcuffed and shackled him, choked him, and hit him on the side of his head. He further alleges that the other officers carried him to the car and beat him while he lay face down handcuffed and shackled. Based on these allegations, Harrison-El may proceed on his excessive force claims against Defendants Snyder, McDoggle Reiff, and the six John Doe officers in their individual capacities at this time. As it appears that Harrison-El intends to pursue related assault claims under Pennsylvania law, he may also proceed on those claims at this time.

### C.   Malicious Prosecution, Fabrication of Evidence, and Conspiracy Claims

Harrison-El includes new claims and new Defendants in his TAC. He asserts claims for malicious prosecution, fabrication of evidence, and conspiracy to aid and abet against Officers Graves, McQuewer and three John Doe officers. (TAC at 2.) He asserts the claims against the officers in both their official and individual capacities. (*Id.*) However, Harrison-El does not assert any factual allegations describing any conduct on the part of these Defendants. They are not alleged to have been involved in the June 14, 2020 incident. (*See id.* at 5.) The TAC does not describe any other events that might give rise to claims against any other Defendants. In the absence of any allegations as to their personal involvement in any violation of Harrison-El's rights, no plausible claim has been stated against Defendants Graves, McQuewer and the three John Doe officers, and these claims will be dismissed.

### IV.   CONCLUSION

For the foregoing reasons, Harrison-El's excessive force and related state law claims against Defendants Snyder, McDoggle Reiff, and the six John Doe officers will be served for a responsive pleading. The Court will dismiss with prejudice Harrison-El's official capacity claims and his malicious prosecution, fabrication of evidence, and conspiracy to aid and abet

claims against Defendants Graves, McQuewer, and the three John Doe officers. An Order follows, which shall be docketed separately.